Michael A. SAAVEDRA,
Plaintiff–Appellant,

v.

Anthony LAMARQUE, Warden; et
al., Defendants–Appellees.

No. 06–16391.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 3, 2007.*

Filed Dec. 28, 2007.

Michael A. Saavedra, Tehachapi, CA,
pro se.

Before: GOODWIN, WALLACE, and
FISHER, Circuit Judges.

MEMORANDUM **

Michael Saavedra, a California state
prisoner, appeals pro se from the district
court's judgment dismissing his 42 U.S.C.
§ 1983 action alleging denial of access to
the courts and retaliation for the exercise
of his First Amendment rights. We have
jurisdiction pursuant to 28 U.S.C. § 1291.
We may affirm the decision of the district
court for any reason supported by the
record. *See Branson v. Nott,* 62 F.3d 287,
291 (9th Cir.1994). We review de novo the
dismissal of a prisoner's complaint pursu-
ant to 28 U.S.C. § 1915A, *Resnick v.
Hayes,* 213 F.3d 443, 447 (9th Cir.2000),
and we affirm.

The district court properly dismissed
Saavedra's claim for denial of access to the
courts because Saavedra's complaint failed
to allege that defendants hindered his ef-
forts to pursue a nonfrivolous legal claim
in the U.S. Supreme Court. *See Phillips
v. Hust,* 477 F.3d 1070, 1076 (9th Cir.2007)
(setting forth requisite elements for denial
of access to the courts claim).

Although Saavedra had exhausted his
administrative remedies, the district court
did not err in dismissing Saavedra's First
Amendment retaliation claim because
Saavedra failed to allege that defendants'
actions were based upon a retaliatory mo-
tive rather than a legitimate correctional
goal. *See Rhodes v. Robinson,* 408 F.3d
559, 567 (9th Cir.2005) (indicating elements
of First Amendment retaliation claim are
not satisfied when there is a legitimate
correctional goal for action taken). Saave-
dra's allegations, as well as exhibits at-
tached to the complaint, state that the
prison was placed on a "lockdown" and
that law library access was curtailed dur-
ing the time period at issue. *See Rizzo v.
Dawson,* 778 F.2d 527, 532 n. 4 (9th Cir.
1985) ("Dismissal [of a retaliation claim]
may have been warranted if there was no
factual support for the allegations or the
factual support was contradicted by facts
that the court could notice or that were
apparent in the record.").

The district court did not abuse its dis-
cretion by denying Saavedra leave to
amend his complaint because an amend-
ment in this case would have been futile.
*See Lopez v. Smith,* 203 F.3d 1122, 1127
(9th Cir.2000) (en banc).

**AFFIRMED.**

---

* The panel unanimously finds this case suitable
for decision without oral argument. *See* Fed.
R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-
cation and is not precedent except as provid-
ed by 9th Cir. R. 36–3.